15623

STRIPPEY v. BLOCKER

(28 S. E. (2d), 923)

February, 1943.

Mr. J. Rutledge Smith, of Charleston, S. C., Counsel for Appellant,

Mr. Paul M. McMillan, of Charleston, S. C., Counsel for Respondent,

February 15, 1944.

CIRCUIT JUDGE E. C. DENNIS, ACTING ASSOCIATE JUSTICE, delivered the unanimous Opinion of the Court:

The plaintiff is appellant and the defendant is respondent and will be spoken of as such in this opinion.

The appellant brought an action in Charleston County alleging that respondent had encroached on her lot and asking damages and restraining order. The respondent answered denying all allegations of the complaint and further set forth that the dividing line between the lot of appellant and respondent was shown by a fence and that this fence had been rebuilt by agreement of the parties on the same line and that appellant was estopped from claiming that the fence is not on the correct line.

Upon trial of the case, it appeared that the sole question was whether or not the fence was rebuilt on the same line or whether the respondent had built the new fence on a different line, taking land of the appellant.

On behalf of the appellant seven witnesses were sworn who testified that the new fence was not on the original line and appellant testified that she had allowed the fence to be rebuilt under direction of respondent and had only recently discovered that it encroached on her lot. Among the witnesses was a surveyor whose plat seemed to sustain appellant's contention.

Upon conclusion of the appellant's testimony the respondent moved for a nonsuit, which was granted, and this appeal is from the order of nonsuit.

The writer of this opinion has learned long ago that the question of nonsuit or directed verdict is one of the most dif-

ficult questions to come before the Court; it is impossible for the presiding Judge to remember the testimony in detail and it is easy for him to fail to give due consideration to some of it and thus fall into error.

That is what happened in this case.

There was sufficient testimony to require submission to a juury.

The questions raised as to notice of appeal and order refusing to extend time for perfection of the appeal are of secondary importance since the appeal was perfected and fully argued, and therefore these questions are not more fully treated.

However, the decision as to each of them is erroneous. Judgment reversed and case remanded to the Court of Common Pleas for further consideration.

MR. CHIEF JUSTICE BAKER, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.